DOC # ___1___

Bruce E. Baldinger, Esq.
BALDINGER & LEVINE,. LLC
P.O. Box 8017
Somerville, NJ 08876
Attorney for Plaintiff Omanoff America, LLC
(908) 218-0060



| | |
|---|---|
| OMANOFF AMERICA, INC. | : UNITED STATES DISTRICT COURT |
| Plaintiff | : FOR THE SOUTHERN DISTRICT OF NEW YORK |
| -v- | : Civil Action No. |
| Q TELEVISION NETWORK and FRANK OLSEN | : Hon. |
| | : |
| Defendants | : COMPLAINT AND JURY DEMAND |

Plaintiff, Omanoff America, Inc., with offices in New York, New York, through its undersigned attorney, by way of Complaint against the Defendants, hereby states:

### Nature of Action and Requested Relief

1. This is an action brought by Omanoff America, LLC ("OA") against Q Television Network, Inc. ("QTN") and Frank Olsen ("Olsen"). To redress injuries it has suffered, OA seeks, *inter alia*, declaratory judgment finding that Plaintiff has fully performed under its agreement and awarding to Plaintiff damages arising out of the default of Defendant QTN in its consulting agreement with Plaintiff.

2. To redress injuries it has suffered, OA also seeks as against QTV and Olsen, *inter alia*, to be reimbursed for all losses caused to Plaintiff as a result of Olsen's manipulating of the stock of QTN with the end result being that Olsen has improved his financial position at



the cost of the QTN shareholders inclusive of Plaintiff.

## Parties

3. Plaintiff OA is an limited liability company with offices located in New York, NY.

4. Defendant QTN is a Washington corporation with offices in Los Angeles, CA. QTN is a publicly traded corporation. Defendant Olsen is a resident of California.

## Jurisdiction and Venue

5. Jurisdiction is conferred on this Court by 28 *U.S.C.* §1332 because the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and complete diversity of citizenship exists.

6. Jurisdiction is also conferred on this Court by 28 *U.S.C.* §1331 as the matter involves an action involving Federal securities laws.

7. Venue lies in this district pursuant to 28 *U.S.C.* §1391(a) because all defendants are subject to personal jurisdiction in this district.

## Statement of Facts

8. On or about April 25, 2005, OA and QTN entered into a written Management Consulting Services Agreement (the "Agreement") under which Plaintiff was to receive a $50,000.00 signing moneys along with monthly payment of $10,000.00 for a period of one year.

9. Plaintiff was also to receive 50,000,000 shares of common stock in QTN.

10. Plaintiff was also to receive an unstated number of shares as further compensation.

11. Upon execution of the agreement, Plaintiff was paid the $50,000.00 and Plaintiff

dedicated time, effort and resources in undertaking and fulfilling his part of the agreement.

12. Defendant QTN failed to pay even the first installment of the moneys due to Plaintiff under the Agreement.

13. Plaintiff continued to provide services but received little or no assistance or feedback from Defendant QTN.

14. Plaintiff has made demand for payment, but such demand has been ignored.

15. After the receipt of the shares under the Agreement, those shares began to substantially decline in value.

16. On August 2, 2005, after the entry of the Agreement, Defendant Olsen, the President of QTN and controlling 53% shareholder of QTN, determined to improve his security and position in the QTN by swapping his entire holdings and creating preferred shares.

17. The Plaintiff was not offered the opportunity to convert his shares and, upon information and belief, no other common shareholder in QTV was provided the same opportunity to improve their position.

18. Defendants' action are violative of the Securities Act of 1933 and 1934 as well as California Blue Sky Laws and, particularly, Section 17 of the 1933 Act.

19. As a result Plaintiff has suffered damages.

### FIRST COUNT
(Breach of Contract)

20. Plaintiff Omanoff America, LLC incorporates the averments 1 through 19 as if set forth at length herein.

21. Plaintiff OA and Defendant QTN entered into an agreement in writing by which Plaintiff

agreed to provide consulting services.

22. Plaintiff provided said consulting services but Defendant QTN failed to make any payments other than the signing moneys.

23. As a result of Defendant QTN's breach, Plaintiff had suffered damages.

WHEREFORE, Plaintiff OA demands judgment against Defendant QTN for $1,000,000.00 along with interest, costs of suit, attorney's fees and such further relief as the Court should deem appropriate.

### SECOND COUNT
(Unjust Enrichment)

24. Plaintiff Omanoff America, LLC incorporates the averments 1 through 23 as if set forth at length herein.

25. Defendant QTN induced the Plaintiff to provide services for Defendants' benefit.

26. Plaintiff provided the services but Defendant QTN failed to pay for said services, despite demand.

27. As a result, Plaintiff has suffered damages.

WHEREFORE, Plaintiff OA demands judgment against Defendant QTN for $1,000,000.00 along with interest, costs of suit, attorney's fees and such further relief as the Court should deem appropriate.

### THIRD COUNT
(Breach of Covenant)

28. Plaintiff Omanoff America, LLC incorporates the averments 1 through 27 as if set forth at length herein.

29. Implied in every contract is the covenant of good faith and fair dealing.

30. Plaintiff attempted to perform the services he was retained for. Plaintiff made substantial arrangements only to find that his calls went unanswered and his efforts thwarted.

31. As part of his agreement, Plaintiff was to receive additional shares to stock to be determined by the parties based upon performance.

32. Defendants, in failing to cooperate with Plaintiff, breached their covenant of good faith and fair dealing. This breach barred Plaintiff from being able to perform his services such that he would be able to earn the additional shares.

WHEREFORE, Plaintiff OA demands judgment against Defendant QTN for $1,000,000.00 along with interest, costs of suit, attorney's fees and such further relief as the Court should deem appropriate.

### FOURTH COUNT

(Securities Fraud, Violation of the 1933 and 1934 Act and Blue Sky Laws)

33. Plaintiff Omanoff America, LLC incorporates the averments 1 through 32 as if set forth at length herein.

34. At all times relevant hereto, Defendant Olsen was the 53% owner of QTN as well as an officer of the company. Defendant Olsen is a fiduciary to the company and to Plaintiff as a shareholder of QTN.

35. As Defendant Olsen saw the market value of his shares falling, Defendant converted those shares to preferred stock without any additional consideration.

36. This opportunity was not offered to Plaintiff and, upon information and belief, was not offered to any other shareholders.

37. Defendant QTN was fully aware of the transaction and participated in the same by and through the issuance of the securities.

38. Defendants utilized interstate devices in their manipulations.

39. Such actions were in violation of the Securities Act of 1933 and 1934 Act as well as the Blue Sky Laws.

Wherefore, Plaintiff Omanoff America, LLC demands judgment against Defendants Frank Olsen and Q Television Network for $1,000,000.00 along with interest, costs of suit, attorney's fees and such further relief as the Court should deem appropriate.

## FIFTH COUNT

### (Breach of Fiduciary Duty)

40. Plaintiff Omanoff America, LLC incorporates the averments 1 through 39 as if set forth at length herein.

41. Defendant Olsen is the majority shareholder of Defendant QTN.

42. At and for his own benefit, Defendant converted his shares of stock ownership in QTN from common stock to preferred stock. Upon information and belief, such action was taken without the same rights having been provided to the other shareholders and certainly such action was taken without giving such right to the Plaintiff.

43. As a result, Defendant has breached its fiduciary duty to Plaintiff and Plaintiff has suffered damages.

Wherefore, Plaintiff Omanoff America, LLC demands judgment against Defendants Frank Olsen and Q Television Network for $1,000,000.00 along with interest, costs of suit,

attorney's fees and such further relief as the Court should deem appropriate.

                                                              _____
                                                              Bruce E. Baldinger, Esq.
                                                              Attorney for Plaintiff Omanoff America, LLC

Dated: 12-16-05

Demand is hereby made for a trial by jury and Bruce Baldinger is designated as trial counsel.